# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**CLESTER BILLS**                                                                         **PLAINTIFF**

**V.**                                 **Case No. 3:16-cv-48 KGB**

**BLYTHEVILLE WATER WORK**                                   **DEFENDANT**

## ORDER

Plaintiff Clester Bills, who is an inmate at the Mississippi County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 8, 2016 (Dkt. No. 1). This Court subsequently granted Mr. Bills's motion for leave to proceed *in forma pauperis* (Dkt. No. 13). Federal law requires that this Court screen prisoner complaints prior to effecting service upon a defendant. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant immune from paying damages should be dismissed before the defendants are served. *Id*. For the reasons stated below, the Court finds that Mr. Bills's complaint should be dismissed.

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic,

and delusional). But regardless whether a plaintiff is represented or appearing *pro se*, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

On behalf of himself and other citizens of Blytheville, Mr. Bills sues Blytheville Water Work for $5 billion because he has been charged $3 per month for mosquito spraying which he believes causes the mosquitos to become more aggressive (Dkt. No. 1). Mr. Bills also alleges that the spray may cause other problems such as breathing difficulties (*Id.*).

To state a cognizable claim for money damages under § 1983, a plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Whether a utility company is a State actor for purposes of § 1983 depends on "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (internal citations omitted). Mr. Bills alleges no facts to show that Blytheville Water Work is a state actor.

Furthermore, even if Mr. Bills could establish that the defendant is a state actor, his complaint fails to state a constitutional claim because he alleges no injury. A § 1983 action is a species of tort, and general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). Mr. Bills has not alleged a constitutional right or federal law that he believes is being violated by the conduct he alleges. Further, Mr. Bills alleges only that he believes the mosquito spray is harmful; that the spraying makes the mosquitos more aggressive; and that the spray itself may cause breathing problems. Mr. Bills's mere

speculation that the mosquito spray is harmful is insufficient to state a claim for relief under § 1983. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ") (internal citations omitted).

For these reasons, the Court finds that Mr. Bills does not state a claim upon which relief may be granted. Thus, the Court dismisses without prejudice his complaint (Dkt. No. 1). The Court determines that dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith. Finally, having dismissed without prejudice his complaint, the Court denies as moot Mr. Bills's motion to appoint counsel (Dkt. No. 12).

It is so ordered this the 27th day of June, 2017.

_____
Kristine G. Baker
United States District Judge